UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TIMOTHY JAMES                                         CIVIL ACTION

VERSUS

GERALD LANE, ET AL.                                   NO.: 12-00523-BAJ-SCR

## RULING AND ORDER

Before the Court is **Plaintiff Timothy James's Motion for Partial Summary Judgment (Doc. 65)**, filed by Plaintiff Timothy James ("James"), seeking an order from this Court granting him summary judgment, pursuant to Federal Rule of Civil Procedure 56, and precluding Defendants Gerry Lane Enterprises, Inc. and Eric Lane[1] (collectively "Defendants") from asserting the *Faragher/Ellerth* affirmative defense.[2] Defendants oppose the motion. (Doc. 68.) Oral argument is not necessary. Jurisdiction is proper, pursuant to 28 U.S.C. § 1331. For the reasons stated herein, James' motion is **GRANTED IN PART** and **DENIED IN PART**.

I.  Background

James filed this employment discrimination lawsuit pursuant to Title VII of the Civil rights Act of 1964, 42 U.S.C. § 2000, *et seq.* ("Title VII"), the Louisiana Employment Discrimination Law, La. R.S. § 23:301, *et seq.* and 42 U.S.C. § 1981.

---

[1] Following Defendant Gerald R. Lane's May 2013 death, Defendant Eric Lane was named as a Defendant in his capacity as the Representative of the Succession of Gerald R. Lane. (Doc. 48.)

[2] *See Faragher v. City of Boca Raton*, 524 U.S. 775 (1998); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998).

James alleges that Defendants discriminated against him on the basis of his race, national origin, and sex and constructively discharged him from his sales representative position at Gerry Lane Chevrolet in Baton Rouge, Louisiana. Specifically, James alleges that dealership owner, Gerald R. Lane, and others created a hostile work environment in which James was subjected to discriminatory comments, name-calling, abusive language, intimidation, lewd comments and advances, and unwelcome physical contact. James further alleges that Defendants are liable for intentional infliction of emotional distress and assault and battery. According to James, Defendants also retaliated against him in response to his complaints of unlawful discrimination.

As to the instant motion, James seeks an order from this Court precluding Defendants from asserting the *Faragher/Ellerth* defense in an attempt to avoid vicarious liability for the alleged bad acts of its supervisors who acted as the Company's proxy. James also contends that Defendants cannot point to sufficient evidence to establish either prong of the two-prong *Faragher/Ellerth* defense. Thus, James argues that Defendants must be precluded from asserting the defense.

Defendants contend that James' motion was filed after the deadline for dispositive motions. Thus, Defendants argue that it must be dismissed as untimely. Alternatively, Defendants concede that they are precluded from asserting the *Faragher/Ellerth* defense in response to James' allegations regarding the acts of Gerald R. Lane. Defendants argue, however, that the *Faragher/Ellerth* defense does not apply to the only other bad actor identified by James, Wayne Garafola ("Garafola"),

2

because Garafolo was not a supervisor. Accordingly, Defendants argue that the *Faragher/Ellerth* defense is inapplicable, and James' motion for partial summary judgment must be denied.

## II. Standard of Review

Pursuant to Federal Rule of Civil Procedure ("Rule") 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

If the moving party carries its burden of proof under Rule 56, the opposing party must direct the court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 323;

*Liquid Air Corp.*, 37 F.3d at 1075.

In determining whether the movant is entitled to summary judgment, the court views facts in the light most favorable to the non-movant and draws all reasonable inferences in the non-movant's favor. *Coleman v. Houston Independent School District*, 113 F.3d 528, 533 (5th Cir. 1997). The court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059 (1992). However, if the evidence in the record is such that a reasonable jury, drawing all inferences in favor of the non-moving party, could arrive at a verdict in that party's favor, the court must deny the motion for summary judgment. *International Shortstop, Inc.*, 939 F.2d at 1263.

### III. Analysis

#### A. Timeliness

Defendants argue that James' motion must be dismissed as untimely because it was filed after the dispositive motion deadline. Pursuant to the Court's Corrected Amended Scheduling Order, dispositive motions were required to be "filed by **January 20, 2014.**" (Doc. 60, p. 2) (emphasis in original). James filed the instant motion on January 21, 2014 - one day after the deadline. James did not request nor obtain an extension of time in which to file the instant motion.

Rule 6 specifies the method for computing time when a deadline is stated in terms of hours, days, or a longer unit of time. The rule provides that if the last day of the time period falls on "a Saturday, Sunday, or legal holiday, the period continues to

4

run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed.R.Civ.P. 6(a)(1)(C). January 20, 2014 was a federal holiday (Birthday of Martin Luther King, Jr.). However, as pointed out in the advisory committee notes to the 2009 amendments to Rule 6, "[t]he time-computation provisions of subdivision (a) apply only when a time period must be computed. They do not apply when a fixed time to act is set. Fed.R.Civ.P. 6(a), advisory committee notes. Thus, Rule 6(a) is inapplicable here because the Court specified a date certain for the filing of dispositive motions. *Miller v. City of Ithaca*, No. 3:10-cv-597, 2012 U.S. Dist. LEXIS 63433, at *4-5 (N.D.N.Y May 4, 2012); *Murphy v. Auto Advantage, Inc.*, No. 1:11cv11, 2012 U.S. Dist. LEXIS 2396, at * (W.D.N.C. Jan. 6, 2012).

Nevertheless, the Court finds that James' motion was timely. It is the longstanding policy of this Court to set dates certain that do not fall on weekends or legal holidays. *See, e.g.*, Doc. 60, p. 2 (resetting a trial date because the original date fell on a federal holiday). As such, the Court concludes that the setting of the dispositive motion deadline on January 20, 2014, a legal holiday as defined by Rule 6(a)(6), was an oversight. Accordingly, the undersigned hereby amends the scheduling order to set January 21, 2014 as the final day for filing dispositive motions. Under the revised scheduling order, James' motion is timely. *JLM Advanced Tech. Servs. v. Int'l Paper Co.*, No. CV410-218, 2011 U.S. Dist. LEXIS 36695, at *2-3 (S.D. Ga. Apr. 4, 2011).

## B. Whether Defendants Are Precluded From Asserting the *Faragher/Ellerth* Defense

Upon review of James' motion, the Court finds that the motion, as well as the arguments made in support of and in opposition to the motion, are substantially similar to the motion for partial summary judgment filed by Plaintiff Eric Angeletti ("Angeletti") in Civil Action No. 12-00503-BAJ-SCR, as well as the arguments made in support of and in opposition to Angeletti's motion.[3] Indeed, Defendants concede that they are precluded from asserting the *Faragher/Ellerth* defense in response to Angeletti's allegations regarding the acts of Gerald R. Lane because he was a proxy for the Company. (Doc. Doc. 68, p. 8.) Further, both James and Defendants point the Court to evidence that is substantially similar to the evidence presented in support of and in opposition to Angeletti's argument that Defendants cannot point to sufficient evidence to establish either prong of the two-prong *Faragher/Ellerth* defense.[4]

## IV. Conclusion

Accordingly,

For the reasons stated in the Court's Ruling and Order[5] granting in part and denying in part Angeletti's motion;

---

[3] *See* Civil Action No. 12-00503-BAJ-SCR, *Eric Angeletti v. Gerald Lane, et al.*, R. Docs. 57, 61, 79.

[4] In opposition to the instant motion, Defendants also argue that the instant motion must be denied because the *Faragher/Ellerth* defense is inapplicable to Garafolo, who lacks supervisory status. Without considering whether Garafolo was a supervisory employee, the Court notes that such dispute is an additional dispute of material fact that precludes summary judgment in favor of James.

[5] *See* Civil Action No. 12-00503-BAJ-SCR, *Eric Angeletti v. Gerald Lane, et al.*, R. Doc. 102.

IT IS ORDERED that **Plaintiff Timothy James' Motion for Partial Summary Judgment (Doc. 65)** is **GRANTED IN PART** and **DENIED IN PART**.

- James' request that the Court preclude Defendants from asserting the *Faragher/Ellerth* defense in an attempt to avoid liability for Gerald R. Lane's acts is **GRANTED**. Accordingly, Defendants are **PRECLUDED** from asserting the *Faragher/Ellerth* defense in response to James' allegations regarding the acts of Gerald R. Lane.
- James' request that the Court preclude Defendants from asserting the *Faragher/Ellerth* defense in an attempt to avoid liability for the acts of other employees is **DENIED**.

Baton Rouge, Louisiana, this 15th day of September, 2014.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**